No. 30,621.

THE UNITED ARTISTS CORPORATION, *Appellant*, v. R. E. MILLS, *Appellee*.

(12 P. 2d 785.)

Opinion denying a rehearing filed July 9, 1932. (For original opinion of affirmance see 135 Kan. 655, 11 P. 2d 1025.)

*J. W. Dalton*, of Sedan, for the appellant.

*Harold McGugin*, of Coffeyville, *W. L. Cunningham, D. Arthur Walker, Fred G. Leach* and *Wm. E. Cunningham*, all of Arkansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: As indicated in the original opinion, the action was one by a distributor of photoplay prints or films against an exhibitor for breach of contract to accept and exhibit photoplays. A demurrer was sustained to the petition, and plaintiff appealed.

In the brief for plaintiff in this court just one question was raised, that a provision in the contract held void by the United States supreme court was severable, and the lawful provisions of

the contract might be enforced. This point was conceded, but the brief for defendant contended the contract was, nevertheless, unenforceable, for two reasons: First, the contract was void under the antitrust law of this state; and second, the motion-picture censorship law of this state had not been complied with. Plaintiff filed no answer to this brief. The case was set for hearing in this court on May 5. Nobody appeared to present the case for plaintiff, and it was submitted, without argument, on the two briefs which have been referred to. The case was duly considered, and an opinion was filed on June 4 sustaining the two contentions made in the brief for defendant.

A petition for rehearing has been filed, and the court is now asked to reconsider the case, to allow argument on a lot of things sug-- gested for the first time in the petition for rehearing.

It is said the court "overlooked" the fact that the photoplays covered by the contract were copyrighted. The abstract of plaintiff contained the following:

"Exhibit A attached to the petition is a lengthy document containing many provisions, most of which are not necessary for determination of the appeal, and the substance thereof only is reproduced."

Several paragraphs of the contract supposedly material were reproduced in whole or in part. Brief descriptive statements were made regarding the contents of other paragraphs. One of these statements was that the second paragraph granted a license to the exhibitor under the respective copyrights of the several photoplays described in the schedule according to the terms and conditions then and thereafter stated. The petition made no reference to copyright photoplays. No mention of the subject of copyright was made in the brief for plaintiff. Taking plaintiff's abstract and brief together, the subject of copyright was "not necessary for the determination of the appeal," and it is rather disingenuous for new counsel in the case to charge the court with overlooking the subject of copyright now urged to meet the defense of violation of the state antitrust law.

Under the circumstances stated, the court declines to consider the effect of the copyright law on the antitrust law of this state. Incidentally it may be observed the record does not disclose that this particular plaintiff is in a position to invoke the copyright law as overriding the price-fixing provision of the antitrust law of this state.

The court also declines to consider another new subject lugged

in by the petition for rehearing—that plaintiff is denied rights protected by the federal constitution.

Plaintiff prays for a rehearing with respect to the decision of the court that it was necessary for plaintiff's petition to show compliance with the motion-picture censorship statute of this state.

In the original opinion the court took occasion to say the statute was a police regulation enacted in the interest of morality and decency. The petition for rehearing contains observations pertaining to the subject thus introduced by the court.

Plaintiff contends the motion-picture censorship statute imposes a direct burden on interstate commerce. The statute, quoted in the original opinion, relates to exhibition in Kansas of motion pictures. Its purpose is to prevent the public exhibition of indecent, salacious, and otherwise offensive and morally degrading pictures. To carry out the purpose a board of inspection is created, and a picture must be passed by the board before it may be publicly exhibited. Counsel for plaintiff and counsel appearing as *amici curiæ* cite no case that even remotely suggests this is not a reasonable police regulation and inspection law. To make the regulation effective the statute nullifies a contract between distributor and exhibitor for exhibition of a picture unless there has been inspection, and the court holds this is a reasonable regulation.

Plaintiff contends exhibition is not involved. The statute is not concerned with anything else, and the petition contains allegations to the following effect: Defendant operates a theater in Chanute, Kan., where photoplays are exhibited; plaintiff and defendant entered into a contract whereby defendant agreed to exhibit a picture at his theater in Chanute; the contract provided for exhibition of the photoplay, "Devil Dancer"; the dates of exhibition were to be determined according to terms of the contract; defendant failed, neglected and refused to receive the prints and exhibit the photoplay; and the 15th paragraph of the contract, made part of the petition and printed in the original opinion, quite clearly relates to exhibition.

Plaintiff raises a question about where the contract—to be performed by exhibition in Kansas—was made, as if a state police regulation could be emasculated by private contract.

The petition for rehearing is denied.